J-S19006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMINICK BOOKER | : | |
| | : | |
| Appellant | : | No. 3094 EDA 2024 |

Appeal from the PCRA Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006260-2012

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 4, 2025**

Dominick Booker appeals pro se from the order entered on October 18, 2024, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely filed. Booker asserts the PCRA court erred in finding he did not meet the newly discovered facts exception to the timeliness requirement. We affirm.

A prior panel of this Court set forth the factual and procedural history:

In the late afternoon of March 6, 2012, police received reports of gunshots on the 2200 block of North Van Pelt Street in Philadelphia. On their way to the scene, officers stopped Mumin Gilmore's vehicle and discovered Gilmore's passenger, Jowell Crawford, suffering from a gunshot wound to the left leg. After escorting Crawford to the hospital, the officers learned that another individual had arrived at the hospital with a similar injury. At the officer's request, Gilmore positively identified Booker as the individual involved in Crawford's shooting. Booker was charged [with] several crimes arising from this altercation and proceeded to a jury trial.

At trial, Crawford denied remembering the events surrounding his shooting, including the identity of the individual who shot him. However, the Commonwealth questioned Crawford extensively relative to Crawford's prior statement to police. Through that statement, Crawford informed the police that on the afternoon of March 6, 2012, he and a group of friends were in front of his home on the 2200 block of North Van Pelt in Philadelphia. At approximately 4:40 p.m., Booker approached the group and engaged in a brief verbal altercation with Crawford before walking away. Five minutes later, Booker approached the group again. One of Crawford's friends attempted to diffuse the situation, but Booker pushed him out of the way and began firing a gun at Crawford, ultimately striking him in the left leg. Crawford responded by drawing his own firearm, a .9 mm pistol, and returning fire. Crawford ran towards Dauphin Street, discarding the gun as he ran.

The Commonwealth also presented Gilmore's testimony. Right before the exchange of gunfire, Gilmore, who lived on the same block as Crawford, exited his home to drive to work. Gilmore testified that he noticed Crawford and Booker talking, and observed something in Booker's hand. Upon reaching his vehicle, Gilmore realized that Booker was holding a gun. Seconds later, Gilmore heard twelve to fifteen gunshots and took shelter in his car. After the gunshots ceased, Gilmore emerged from hiding only to see Booker fleeing towards Susquehanna Avenue and Crawford on the corner of Dauphin Street. Gilmore approached Crawford, saw that he had been shot, and began to take him to the hospital. Gilmore recounted that the police stopped him, and later had him identify Booker at the hospital.

Finally, the Commonwealth presented a ballistics report showing that the police recovered thirteen fired cartridge casings from the scene. Eleven of these casings matched a .380 ACP pistol, while the remaining two casings matched a .9 mm pistol. Booker did not testify at trial.

After the close of evidence, the jury convicted Booker of aggravated assault, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possessing instruments of crime.[a] On July 15, 2016, the trial court sentenced Booker to an aggregate term of thirteen to twenty-six years' imprisonment.

[a] 18 Pa.C.S.A. §§2702(a)(1), 6106, 6108, and 907, respectively.

*Commonwealth v. Booker*, 3436 EDA 2016, *1 (Pa. Super. filed March 9, 2018) (unpublished memorandum; footnote omitted).

This Court affirmed Booker's judgment of sentence on March 9, 2018. Booker did not petition our Supreme Court for allowance of appeal. Booker filed his first PCRA petition on May 29, 2024. The PCRA court appointed counsel, who, after investigation, filed a petition to withdraw as counsel along with a letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("*Turner*/*Finley*"). The PCRA court granted counsel's request to withdraw and issued a Rule 907 notice of intent to dismiss without a hearing. *See* Pa.R.Crim.P. 907. Booker did not respond, and the PCRA court dismissed his PCRA petition on October 18, 2024. Booker timely appealed and complied with the PCRA court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Booker raises two issues for our review:

[1.] Did the PCRA court err in dismissing [Booker's] petition based on a supposed procedural defect when [Booker's] witness certifications substantially complied with the PCRA's requirements?

[2.] Did the [PCRA] court err, and[/]or abuse [its] discretion when it dismissed the new evidence PCRA petition as being untimely filed and not meeting the exception set forth to the time-bar in 42 Pa.C.S.[A.] § 9545(b)(1)([ii])?

Appellant's Brief, at iv (unnecessary capitalization omitted).

We begin with our well-established standard and scope of review:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. Our scope of review is limited to the PCRA court's findings and the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party.

*Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citations and quotation marks omitted).

"A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Id.* (citation omitted).

Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) (citations and quotation marks omitted).

Booker concedes his instant PCRA petition is untimely filed. *See* Appellant's Brief, at 15-16. He argues, however, that he has met the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), often called the newly discovered fact exception. *See id.*

As the timeliness of a PCRA petition is jurisdictional, we begin with an evaluation of Booker's alleged newly discovered fact. Booker argues his cousin

came forward as a witness to the shooting and told Booker that the shooter was another man, known as "Doodie." Appellant's Brief, at 16-17.

As our Supreme Court has explained:

Exception (b)(1)(ii) requires petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of due diligence. The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis, citations, brackets, and some quotation marks omitted).

The PCRA court aptly held:

Here, the gist of Donnell Booker's affidavit — that [Booker] was not responsible for shooting the victim, Jowell Crawford — presents nothing new. Rather, having been an eyewitness to the shooting and having also been shot at the time, it is a "fact" that [Booker] has known since the day of the shooting in March 2012. Accordingly, Donnell Booker's testimony merely would be a new source of information that [Booker] has known for more than 12 years.

PCRA Court Opinion, 12/18/24, at 7.

We find no error in the PCRA court's analysis. Booker was shot during the same encounter, so he was clearly present at the scene and an eyewitness to the shooting. Booker knew, at the time of the shooting, whether he was or was not a participant in the shooting. As such, this affidavit from Booker's cousin was a new source of previously known facts and does not qualify as a newly discovered fact for the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Marshall*, 947 A.2d at 720. Because we do not have

jurisdiction to hear this untimely PCRA petition, we do not address Booker's other claim raised on appeal. Therefore, we affirm the order of the PCRA court dismissing Booker's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2025